UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-cr-00072-JAW-1 |
| | ) | |
| MARCUS MELLO | ) | |

**ORDER ON MOTION FOR FORFEITURE OF BAIL**

Consistent with Federal Rule of Criminal Procedure 46(f) and *United States v. Donlon*, 909 F.2d 650, 657 (1st Cir. 1990), the Court grants the Government's motion to forfeit the bail of a defendant, who failed to appear for a jury trial and who was arrested about three weeks later by the United States Marshals Service.

**I.   BACKGROUND**

On October 8, 2020, a federal grand jury indicted Marcus Mello for distribution of fentanyl, an alleged violation of 21 U.S.C. § 841(a)(1). *Indictment* (ECF No. 27). After Mr. Mello was arrested and detained, on October 22, 2020, the United States Magistrate Judge issued an order releasing him from detention but setting conditions of release, including the obligation to "appear in court as required." *Order Setting Conditions of Release* (ECF No. 42). The Magistrate Judge conditioned Mr. Mello's release from detention on the requirement that he post bond. *Id.* at 3. On October 22, 2020, Mr. Mello posted an unsecured appearance bond of $25,000 in which he promised to appear for court proceedings, and if he failed to do so, the bond would be forfeited. *Appearance Bond* at 1 (ECF No. 41).

On May 5, 2021, a federal grand jury issued a three-count superseding indictment against Mr. Mello, recharging him with distribution of fentanyl, and

further charging him with possession with the intent to distribute 40 grams or more of fentanyl, an alleged violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking, an alleged violation of 18 U.S.C. § 924(c)(1)(A). *Superseding Indictment* at 1-2 (ECF No. 51).

On September 1, 2023, the Clerk of Courts placed Mr. Mello's case on the trial list for October 2023, *Trial List* (ECF No. 160), and on September 5, 2023, the Clerk gave Mr. Mello notice of hearing, setting the jury trial for October 16-18 and October 20, 2023 in Portland Courtroom 2, *Notice of Hr'g* (ECF No. 161). On October 2, 2023, the Magistrate Judge presided over jury selection for Mr. Mello's case, and Mr. Mello was present for the selection. *Min. Entry* (ECF No. 166).

On October 16, 2023, with the jury present in the jury room and counsel in the courtroom, Mr. Mello failed to appear for trial. The Court continued the trial until the next day, *Min. Entry* (ECF No. 177), and issued an arrest warrant against Mr. Mello for failure to appear, *Oral Order* (ECF No. 175); *Arrest Warrant* (ECF No. 176). When Mr. Mello again failed to appear on October 17, 2023, the Court discharged the jury. *Min. Entry* (ECF No. 180).

On October 20, 2023, the Government moved to forfeit Mr. Mello's bail. *Mot. to Forfeit Bail Pursuant to Fed. R. Crim. P. 46(F)* (ECF No. 184) (*Gov't Mot.*). After new counsel was appointed for Mr. Mello, he filed an opposition to the motion for forfeiture of bail on November 28, 2023. *Def.'s Resp. in Opp'n to Gov't Mot. for Forfeiture of Bail* (ECF No. 201) (*Def.'s Opp'n*). The Government filed its reply on

November 28, 2023. *Reply in Further Support of Mot. to Forfeit Bail Pursuant to Fed. R. Crim. P. 46(F)* (ECF No. 202) (*Gov't's Reply*).

Between the filing of the Government's motion and Marcus Mello's opposition, Mr. Mello was arrested on November 3, 2023, and on November 8, 2023, he appeared before the Magistrate Judge, who revoked his bail and ordered him detained. *Min. Entry* (ECF No. 190); *Order of Revocation and Detention* (ECF No. 193). On October 18, 2023, a federal grand jury indicted Mr. Mello for failure to appear, an alleged violation of 18 U.S.C. § 3146(a)(1). *United States v. Marcus Mello*, No. 2:23-cr-117-JAW, *Indictment* (ECF No. 3). On November 9, 2023, the Magistrate Judge granted a motion for detention as to Mr. Mello in that case. *Order of Revocation and Detention* (ECF No. 21).

## II.   DISCUSSION

Federal Rule of Criminal Procedure 46(f) provides:

> **(f) Bail Forfeiture**
>
> > **(1) Declaration.** The court must declare the bail forfeited if a condition of the bond is breached.
> >
> > **(2) Setting Aside.** The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:
> >
> > > **(B)** it appears that justice does not require bail forfeiture.[1]

Here, the Government has demonstrated, and Mr. Mello has conceded, that the "operative facts are not in dispute" and the "first step in the bail forfeiture analysis is satisfied." *Def.'s Opp'n* at 1. The narrow issue is whether "despite the breach,

---

[1]   Federal Rule of Criminal Procedure 46(f)(2)(A) addresses sureties, but as there were no sureties on Mr. Mello's bail, the Court has not included this provision.

3

justice requires forfeiture." *Id.* (quoting *United States v. Proudfoot*, No. 1:12-cr-00083-JAW-5, 2013 U.S. Dist. LEXIS 177575, at *8 (D. Me. Dec. 18, 2013)).

The First Circuit has set forth four factors to determine if justice requires that the forfeiture be set aside: "(1) the willfulness of the defendant's breach of conditions; (2) the participation of the sureties in apprehending the defendant; (3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant." *United States v. Donlon*, 909 F.2d 650, 657 (1st Cir. 1990) (quoting *United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir. 1985)).

Regarding the first factor, there is no question that Mr. Mello's failure to appear was willful. Mr. Mello had been present on October 2, 2023 for jury selection and was well aware of the impending trial and that trial was to commence on October 16, 2023 at 8:30 a.m. *See Tr. of Proceedings, Jury Selection* (ECF No. 182). Furthermore, on October 16, 2023, when questioned about Mr. Mello's absence, his counsel represented that they were authorized to say he was in Old Orchard Beach, Maine, and he was waiting for an Uber or taxi to transport him to the courthouse. *Tr. of Proceedings, Conf. of Counsel* at 2:20-23 (ECF No. 181). Based on this representation, the Court waited for Mr. Mello on the first day of trial, but when he failed to appear, it authorized an arrest warrant and informed the jury that they should return the next day. The Court held hope that Mr. Mello would appear. The next day, when Mr. Mello still failed to appear and had not yet been arrested, the Court discharged the jury. Ultimately, Mr. Mello did not come to his senses and give

4

himself up; instead, the Marshals Service had to locate and arrest Mr. Mello. It did so on November 3, 2023. *See United States v. Mattero*, 752 F. Supp. 2d 78, 81 (D. Me. 2010) ("[The Defendant] was taken into custody not because of his change of heart, but only after a successful search and his eventual arrest"). Based on these circumstances, the Court finds that Mr. Mello acted willfully in failing to appear, a finding buttressed by Mr. Mello's misrepresentation to his counsel and conveyed to the Court that he was coming to court on October 16, 2023 and was seeking transportation.

As there were no sureties, factor two is not applicable.

Turning to factor three, although there is no evidence of the actual cost of Mr. Mello's failure to appear, the Court is aware that the full petit jury was present on October 16, 2023, and the Court takes into account that the District of Maine was required to pay the juror fees both at their selection and at the aborted trial. Additional costs were certainly incurred by the United States Marshals Service, which had to locate and arrest Mr. Mello when he failed to appear for trial. Another consequence of Mr. Mello's failure to appear is that his then–defense counsel were required to withdraw from continued representation due to a conflict that Mr. Mello created by failing to appear. *Mot. to Withdraw as Counsel and Req. for Substitution and Appointment of New Counsel* (ECF No. 195); *Order* (ECF No. 196). Here, defense counsel had been required to fully prepare for trial and because they could no longer represent Mr. Mello, the costs of their legal services, which will be paid by the Government, have been largely lost because of the appearance of new counsel, who

must start anew. Finally, Mr. Mello required the Court, the court staff, and Government counsel to prepare for trial. The Court finds that there is obvious cost and inconvenience arising from Mr. Mello's failure to appear. The Court does not know if Mr. Mello's failure to appear caused prejudice within the presumed narrow meaning of the term, but the cost and inconvenience factors are obvious.

Finally, concerning factor four, Mr. Mello urges the Court not to forfeit his bail because of his "youth, troubled background, indigent status, and likely plea." *Def.'s Opp'n* at 1-2. But many defendants, who promise to appear and live up to their promises, have similar characteristics; Mr. Mello's personal circumstances are unfortunately unexceptional; his failure to appear, however, remains rare. If the exception becomes the rule, the Rule becomes the exception. As the Court observed in *Mattero*, "if willful bail violations were routinely forgiven," bail conditions "would be of little value." 752 F. Supp. 2d at 82. The Court concludes that Mr. Mello failed to present any explanation or mitigating circumstances that would justify setting aside the bail forfeiture.

## III. CONCLUSION

The Court GRANTS the Government's Motion to Forfeit Bail Pursuant to Federal Rule of Criminal Procedure 46(f) (ECF No. 184). Mr. Mello's bail must be forfeited in full.

SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2023